**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LINDA WIMBERLY**                                              **CIVIL NO. 10-1013**

**VERSUS**

**ALLSTATE INSURANCE COMPANY**                    **SECTION: G**

<u>**ORDER AND REASONS**</u>

Before the Court is petitioners Roderick Alvendia, J. Bart Kelly, III, Jeanne K. Demarest, and Alvendia, Kelly and Demarest, LLC's (collectively, "Petitioners") Motion for Leave of Court to File Petition of Intervention.[1]  Having reviewed the motion and the applicable law, the Court will deny the motion without prejudice.

**I.  Background**

Plaintiff Linda Wimberly ("Plaintiff") filed this action against Defendant Allstate Insurance Company ("Defendant") on February 12, 2010 in the 22nd Judicial District Court for the Parish of St. Tammany, seeking recovery for losses or damages incurred as a result of Defendant's alleged bad faith in handling Plaintiff's claim for property damages caused by Hurricane Katrina.[2]  This case was removed to this Court by Defendant on April 1, 2010,[3] and the sole basis asserted for subject matter

---

[1] Rec. Doc. 11.

[2] Petition for Damages, Rec. Doc. 1-1, at p 4.

[3] Rec. Doc. 1.

1

jurisdiction was diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]  On March 2, 2012, Petitioners

filed a motion seeking to intervene in this action.[5]

      In their motion, Petitioners seek to intervene in the above-captioned action on the basis that

plaintiff therein retained Petitioners to perform legal services for Plaintiff in the above-captioned

case.  Petitioners, therefore, assert that they have a "vested interested [sic]" in this claim "for legal

work previously done on the case and outstanding case costs owed to them under contract."[6]

However, in their motion and proposed petition, not only do Petitioners fail to assert their

citizenship, but further they fail to assert that the amount in controversy would be satisfied by

recovery of their contingency fee, costs, and out-of-pocket expenses in connection with this

litigation.  Petitioners do not assert any specific basis for subject matter jurisdiction in their motion

or proposed petition.

## II.  Law and Analysis

      Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all

civil actions where the matter in controversy exceeds $75,000 and is between citizens of different

states.  "It has long been the general rule that complete diversity of parties is required in order that

diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any

party on the other side."[7]  Diverse citizenship must be present at the time the complaint is filed, and

---

[4] *Id.*

[5] Rec Doc. 11.

[6] Memorandum in Support, Rec Doc. 11-1 at p. 1.

[7] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

it is not affected by "subsequent changes in the citizenship of the parties."[8] The burden of proof remains on the party asserting jurisdiction,[9] and jurisdiction must be apparent on the face of the complaint.[10]  The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them,"[11] and so a petitioner in intervention must assert the basis for subject matter jurisdiction of its claims.

Although supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,"[12] this broad grant is not unlimited.[13]  Subsection (b) provides that in an action brought under 28 U.S.C. § 1332, that is, an action based solely on diversity, "the district courts shall not have supplemental jurisdiction under subsection (a)" over various types of intervenor claims "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[14]

Therefore, in a diversity action, as here, petitioners must independently meet the appropriate

---

[8]*Id*. at 1398-99.

[9]*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[10]*See, e.g., MacKenzie v. Local 624, Int'l Union of Operating Eng'rs*, 472 F.Supp. 1025, 1030 (5th Cir. 1979); *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979).  *See also*, *Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[11]*Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[12] 28 U.S.C. § 1367(a).

[13] *Id.* ("Except as provided in subsections (b) and (c) . . . .").

[14] 28 U.S.C. § 1367(b).

jurisdictional requirements in order to intervene.[15]  In a diversity action, either a lack of complete diversity arising from the presence of the intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over claims that would otherwise be covered by supplemental jurisdiction.[16]  Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the amount in controversy requirement.[17]  It is of no consequence that it might be more logical or convenient to adjudicate the intervenor claims within the same suit, as "convenience cannot supplant the unambiguous language of a jurisdictional statute."[18]

Here, Petitioners have not demonstrated that an independent basis for jurisdiction exists. They have neither alleged complete diversity of citizenship, nor have they alleged that their intervenor claim meets the necessary amount in controversy.  Therefore, subject matter jurisdiction is not apparent on the face of Petitioners' intervenor complaint.

### III.  Conclusion

For the reasons set forth above, Petitioners have failed to meet their burden as the party asserting jurisdiction.  Accordingly,

---

[15] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

[16] *Id.* at 387 ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.").

[17] *Id.* at 389.

[18] *Id.* at 389-90 (also noting that "efficiency and economy cannot confer jurisdiction upon courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction").

**IT IS HEREBY ORDERED** that Petitioners' Motion for Leave of Court to File Petition of Intervention is **DENIED WITHOUT PREJUDICE**, such that Petitioners may refile their motion if they can properly assert an independent basis of jurisdiction.

     **NEW ORLEANS, LOUISIANA**, this  _6th_  day of  ___March___ , 2012.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**